<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO MORALES,<br><br>Plaintiff,<br><br>v.<br><br>PRESSLER & PRESSLER LLP,<br><br>Defendant. | Civil Action No. 15-236(JLL)<br><br>OPINION |

**LINARES,** District Judge**.**

This matter comes before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's Motion to Dismiss is granted.

I.   BACKGROUND

Defendant, Pressler & Pressler LLP ("Pressler") is a New Jersey limited liability partnership, with a law office in Parsippany, New Jersey and is in the business of collecting debt. (Amd. Cmp. at ¶¶ 6, 9). On or about January 14, 2014, Pressler sent a collection letter to Plaintiff, Alejandro Morales, in an attempt to collect on a HSBC Neiman Marcus account allegedly owned by New Century Financial Services, Inc. (*Id.* at ¶ 17). This debt had been assigned to Pressler for collection because it was in default. (*Id.* at ¶ 23). The letter is printed on Pressler letterhead. (*Id.* at ¶ 24). The law firm's name, "Pressler and Pressler, L.L.P." is in bold and capitalized text at the top of the page. (*Id.*). The letter bears the names of 26 active attorneys. (*Id.* at ¶ 25). The letter is unsigned and does not bear the name of the writer or sender of the letter. (*Id.* at ¶ 28). On June

19, 2014, in an additional attempt to collect the debt, Pressler filed a complaint against Plaintiff in the Superior Court of New Jersey, Law Division, Special Civil Part, Passaic County.  (*Id.* at ¶ 40). Lori R. Cetani, Esq. ("Cetani"), an attorney employed by Pressler, signed the collection complaint. (*Id.* at ¶ 42).  Plaintiff alleges that "[i]t is the policy and practice of Pressler to file collection complaints in an attempt to collect alleged consumer debts, without meaningful attorney involvement; which is a violation of the [Fair Debt Collection Practices Act ("FDCPA")] because it is a false, deceptive, misleading representation and an unfair and unconscionable means of collection."  (*Id.* at ¶ 48).

In light of the foregoing, Plaintiff commenced this action on January 12, 2015, seeking damages arising from Defendant's alleged violations of 15 U.S.C. § 1692 *et seq.*, the FDCPA. Defendant filed a Motion to Dismiss the Amended Complaint on March 12, 2015, arguing that there are no facts pled to support the legal conclusion that there was no meaningful attorney review. (ECF No. 8).

## II.     LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Federal Rule of Civil Procedure 8(a)(2) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  *See*

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir.2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.* Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3rd Cir. 1994).

### III.   DISCUSSION

The FDCPA was adopted by Congress with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini Kramer & Ulrich LPA*, 559 U.S. 573 (2010) (internal quotation marks omitted). To survive a 12(b)(6) motion under the FDCPA,

> a plaintiff must plead sufficient facts showing that: "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA."

*Lightfoot v. Healthcare Revenue Recovery Group, LLC*, Civ. No. 14-6791 JEI, 2015 WL 1103441, at *1 (D.N.J. March 11, 2015) (quoting *Astarita v. Solomon & Solomon, PC*, CIV. No. 12–5670 WJM, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013)). Only the fourth element is in dispute in the instant motion to dismiss.

With respect to the fourth element of his claim, Plaintiff claims that Defendant violated the FDCPA by sending a collection letter to him and filing a collection complaint against him, both purportedly having been reviewed by an attorney, when no attorney had reviewed either. Section 1692e(3) of the FDCPA prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

Plaintiff alleges in his Amended Complaint that:

> Defendant violated the FDCPA by sending a debt collection letter to Plaintiff on law firm letterhead and by filing a debt collection complaint in state court without an attorney first exercising professional judgment by independently evaluating collection demands and determining that proceedings to enforce collection and filing suit are warranted. Since a New Jersey law firm is required to conduct such due diligence, utilizing law firm letterhead and filing a complaint created the impression that meaningful attorney involvement had taken place when it had not. Moreover, by sending collection letters on law firm letterhead without meaningful attorney involvement, Defendant effectively functioned as a non-attorney collection agency, and thereby misrepresented its ability to collect Plaintiff's alleged debt under New Jersey law.

Amd. Cmp. at ¶ 2. However, Plaintiff's Amended Complaint offers no facts to support a violation of the FDCPA. Instead, Plaintiff relies on conclusory allegations that are devoid of any factual support. The only relevant fact to support Plaintiff's claim that Defendant sent a collection letter and filed a collection complaint without meaningful attorney review is that Lori Cetani, Esq. "signed the Collection Complaint as an attorney employed by Pressler." Instead, Plaintiff is hopeful that his conclusory allegations contained in the Amended Complaint will be supported once discovery has been completed, stating in his Amended Complaint that "[t]his allegation will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." The mere hope that discovery will produce some evidence to support an FDCPA claim, without more, is insufficient to permit such a claim to proceed beyond the motion to dismiss

4

stage.  *See Barata v. Nedelman, Klemm & Golub, P.C.*, 2015 WL 733628, *4 (D.N.J. Feb. 19 2015).

In light of the foregoing, Plaintiff has failed to allege sufficient facts that would allow the Court to draw the reasonable inference that the collection letter was sent, and the collection complaint was filed, without meaningful attorney review in violation of the FDCPA.  Therefore, Defendant's motion to dismiss Plaintiff's Amended Complaint is granted.  Because Plaintiff may be able to plead additional facts to cure the pleading deficiency, the Amended Complaint is dismissed without prejudice.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted.  Therefore, this case is closed.  An appropriate Order accompanies this Opinion.


DATED:  April 13, 2015

s/ Jose L. Linares           
JOSE L. LINARES  
U.S. DISTRICT JUDGE
